W. S. RICHARDSON, *Appellee*, v. O. H. SIMPSON et al., as
the Kansas State Board of Dental Examiners, *Ap-
pellants.*

No. 17,879.

OPINION DENYING A REHEARING.

Appeal from Franklin district court. Opinion deny-
ing a rehearing filed July 5, 1913. Reversal sustained.
(For original opinion, see 88 Kan. 684, 129 Pac. 1128.)

*John S. Dawson,* attorney-general, *S. N. Hawkes,*
assistant attorney-general, and *Wilbur S. Jenks,* of
Ottawa, for the appellants.

*W. R. Hazen,* and *H. Ward Page,* both of Topeka,
for the appellee.

The opinion of the court was delivered by

MASON, J.: The state board of dental examiners
revoked the license of W. S. Richardson to practice
dentistry. He obtained an injunction restraining the
board from enforcing its order. On appeal to this
court the injunction was set aside. (*Richardson v.
Simpson,* 88 Kan. 684, 129 Pac. 1128.) The trial court
found that the dentistry board, in hearing and deciding
the case, "acted honestly and impartially, and not arbi-
trarily, but . . . that its act was oppressive."
(p. 686.) From the entire record this court was of
the opinion that the trial court had used the term "op-
pressive" in the sense of unduly severe. It has been
brought to our attention in a petition for a rehearing
that in the course of further proceedings it was stated
by the judge of the district court that this court had
misconceived his meaning in this regard. In view of
this we withdraw so much of the original opinion as
undertook to place an interpretation on the word "op-
pressive" as used in the findings. The decision of the
case, however, is adhered to. In our judgment the

Richardson v. Simpson.

charge made against the accused dentist was sufficient, if true, to warrant the board in revoking his license, and was supported by substantial evidence. The board, acting (as found by the trial court) honestly, impartially and not arbitrarily, decided against him. There may be various senses in which the result of its action could be said to be oppressive, notwithstanding these facts, but we do not think that, consistently with them, it could be oppressive in such sense as to justify a court in setting aside the order of revocation. In *Meffert v. Medical Board*, 66 Kan. 710, 72 Pac. 247, it was said that the order of a similar board was final "in the absence of fraud, corruption or oppression." (Syl. ¶ 1.) There the term oppression had a wider field of possible operation than here. It might have denoted arbitrary conduct, or perhaps prejudice. These meanings are cut out of the present case by the finding that the board acted honestly, impartially and not arbitrarily. This necessarily implies good faith and the absence of any wrongful intention. In this situation we regard the question whether the conduct of the board was oppressive in such sense as to authorize a court to set it aside as essentially one of law, which must be answered in the negative. In the exercise of the large powers given it the board may upon occasion do an injustice, but if it is at present subjected to too little restraint the remedy lies in legislation.

The petition for rehearing is denied.